IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.      Case No. 03-73034

ROYALWOOD COOPERATIVE APARTMENTS, INC., SCHOSTAK BROTHERS & COMPANY, INC., and RICHARD A. CAIL,

    Defendants.

ANNA DIGGS TAYLOR

MAGISTRATE JUDGE WALLACE CAPEL, JR
HON.

FILED

## COMPLAINT

THE UNITED STATES OF AMERICA ALLEGES:

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3612(o). Venue is proper in this judicial district pursuant to 42 U.S.C. §§ 1391(b) and (c) and 42 U.S.C. § 3612(o), as the defendants reside in this judicial district and the events or omissions giving rise to the claim arose in this judicial district.

2. This action is brought by the United States on behalf of Joyce Grad ("Ms. Grad"), pursuant to § 812(o) of the Fair Housing Act, as amended, 42 U.S.C. § 3612(o) ("the Act"). Ms. Grad has a "handicap" within the meaning of 42 U.S.C. § 3602(h).

3. Defendants Royalwood Cooperative Apartments, Inc. and Schostak Brothers & Company, Inc. are Michigan corporations, with headquarters located at 3174 Merrill Avenue, Apartment 105, Royal Oak, Michigan, and 25800 Northwestern Highway, Suite 750,

Southfield, Michigan, respectively.

4. Defendant Richard A. Cail is the property manager of Royalwood Cooperative Apartments, Inc., which is a residential cooperative complex located at 3174 Merrill Avenue, Royal Oak, Michigan. Upon information and belief, Richard Cail is responsible for the day to day operations of the cooperative complex.

5. The cooperative unit occupied by Ms. Grad constitutes a "dwelling" within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b).

6. On or about November 8, 2001, Ms. Grad filed a timely, verified housing discrimination complaint with the United States Department of Housing and Urban Development ("HUD"), pursuant to § 810 of the Fair Housing Act, 42 U.S.C. § 3610. The administrative complaint alleges, *inter alia*, that Ms. Grad suffered from a "severe and debilitating depressive disorder." The complaint further alleges, *inter alia*, that defendants refused to make a reasonable accommodation to allow Ms. Grad to keep a small dog as an assistance animal at her residence, despite her written request with supporting medical documentation specifying her disability and the need for a small assistance animal to assist her with daily living.

7. Pursuant to the requirements of 42 U.S.C. § 3610(a) and (b), the Secretary of HUD ("the Secretary"), conducted an

investigation of the complaint, attempted conciliation without success and prepared a final investigative report. Based on the information gathered in this investigation, the Secretary, pursuant to 42 U.S.C. 3610(g)(1), determined that reasonable cause exists to believe that the discriminatory housing practices alleged by Ms. Grad occurred.

8. On or about June 26, 2003, the Secretary issued a Determination of Reasonable Cause and Charge of Discrimination, pursuant to 42 U.S.C. § 3610(g)(2)(A), charging the defendants with engaging in discriminatory housing practices in violation of the Fair Housing Act.

9. On July 9, 2003, defendants elected to have the charge resolved in a federal civil action pursuant to 42 U.S.C. § 3612(a).

10. Following this election, the Secretary, through HUD's General Counsel, authorized the Attorney General to file this action on behalf of Joyce Grad, pursuant to 42 U.S.C. § 3612(o)(1).

11. HUD's investigation revealed that Joyce Grad entered into an Occupancy Agreement with Royalwood Cooperative Apartments, Inc. on May 30, 2000. By letter dated November 10, 2000, Ms. Grad advised defendants of her disability and her need for a reasonable accommodation in the cooperative's rules to permit her to acquire an assistance animal to assist her with

3

daily living. Even though Ms. Grad provided medical documentation from her treating psychologist and her treating psychiatrist for her request for a reasonable accommodation, the defendants responded with a written refusal to grant the accommodation, citing a Pet Agreement Ms. Grad signed as a condition of occupying her apartment unit, which prohibited dogs and cats. As a result of defendants' refusal to grant her request for a reasonable accommodation, Ms. Grad vacated her unit on or about January 22, 2001. HUD concluded in its Determination of Reasonable Cause that Ms. Grad had "established that an emotional support animal or companion animal was necessary for her to use and enjoy her residence at Royalwood Cooperative Apartments."

12. Defendants, through the actions described above, have violated 42 U.S.C. § 3604(f) by making a dwelling unavailable because of handicap and/or by discriminating in the terms, conditions or privileges of the sale or rental of a dwelling because of handicap, through their refusal to make a reasonable accommodation in their rules, policies, practices or services, when such an accommodation was necessary to afford Ms. Grad equal opportunity to use and enjoy a dwelling.

13. Joyce Grad is an aggrieved person, as defined in 42 U.S.C. § 3602(i), and has suffered damages as a result of defendants' conduct as described above.

14. Defendants' discriminatory actions were intentional, willful and taken in disregard of Ms. Grad's rights.

WHEREFORE, the United States of America prays that this Court enter an ORDER that:

1. Declares that defendants' discriminatory housing practices, as set forth above, violate the Fair Housing Act, as amended, 42 U.S.C. §§ 3601-3619.

2. Enjoins defendants, their agents, employees, successors and all other persons in active concert or participation with any of them from violating the Fair Housing Act by:

   a) discriminating on the basis of disability against any person in any aspect of the occupancy, sale or rental of a dwelling; and

   b) failing to make reasonable accommodations for persons with disabilities as required by the federal Fair Housing Act.

3. Awards such damages as will fully compensate Ms. Grad for injuries caused by defendants' discriminatory conduct, pursuant to 42 U.S.C. § 3612(o)(3).

The United States further prays for such additional relief as the interests of justice may require.

Respectfully submitted,

JEFFREY G. COLLINS
United States Attorney

*Judith E Levy*
Judith E. Levy (P55882)
Assistant U.S. Attorney
Eastern District of Michigan
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9727

Dated: August 8, 2003