IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA, *ex rel* JOYCE GRAD,

PLAINTIFFS,

v

Case No. 03-73034
Hon. Anna Diggs Taylor
Magistrate Judge Wallace Capel, Jr.

ROYALWOOD COOPERATIVE APARTMENTS,
INC., SCHOSTAK BROTHERS & COMPANY, INC.,
and RICHARD A. CAIL,

~~JUDGE'S COPY~~

DEFENDANTS.

---

| | |
|---|---|
| Judith E. Levy (P55882)<br>Assistant U.S. Attorney<br>Eastern District of Michigan<br>211 W. Fort St. #2001<br>Detroit, MI 48226<br>Phone: (313) 226-9727<br>Fax: (313) 226-3271<br>Attorney for Plaintiff | Patrick K. Rode<br>Meyer, Kirk, Synder & Lynch, PLLC<br>100 W. Long Lake Rd. #100<br>Bloomfield Hills, MI 48304<br>Phone: (248) 647-5111<br>Fax: (248) 647-6079<br>Attorney for Defendants |
| Gabrielle S. Frampton (P59499)<br>Mark E. Cody (P42695)<br>Michigan Protection & Advocacy Service, Inc.<br>4095 Legacy Parkway, Suite 500<br>Lansing, MI 48911<br>Phone: (517) 487-1755<br>Fax: (517) 487-0827<br>Attorney for Plaintiff/Intervenor | **FILED**<br>NOV 26 2003<br>CLERK'S OFFICE<br>U. S. DISTRICT COURT<br>EASTERN MICHIGAN |

## COMPLAINT IN INTERVENTION

### Nature of the Action

1. This complaint in intervention is brought by Plaintiff/Intervenor Joyce Grad to redress Fair Housing Act violations, including discrimination against Ms. Grad on the basis of her



disability, in part, by defendant's refusal to reasonably accommodate Ms. Grad's disability. This discrimination has caused, and continues to cause, significant harm to Ms. Grad. This action is brought as a matter of right under the Fair Housing Act. The United States Department of Justice filed a lawsuit in this Court on August 8, 2003 alleging similar violations of law on behalf of the United States and Ms. Grad.

### Jurisdiction and Venue

2. Jurisdiction in this action is derived from 42 U.S.C. §§ 3612(o) and by 28 U.S.C. §§ 1331 and 1345.

3. Venue is properly in the United States District Court for the Eastern District of Michigan as the claim arose in Royal Oak Michigan.

### Parties

4. Plaintiff, Joyce Grad, pursuant to § 812(o) of the Fair Housing Act, as amended, 42 U.S.C.§ 3612 (o), (Hereinafter "FHAA" ) has a "handicap" within the meaning of 42 U.S.C. § 3602(h).

5. Defendant Royalwood Cooperative Apartments, Inc. ("Royalwood") is a Michigan Corporation which does business in Royal Oak Michigan, 3174 Merrill Avenue. Royalwood is owned by the owner/members of the cooperative. Upon information and belief, Royalwood's Board of Directors makes the general operation decisions for the cooperative.

6. Defendant Schostak Brothers & Company ("Schostak") is a Michigan Corporation with its registered office located at 25800 Northwestern Highway, Suite 750, Southfield Michigan.

Upon information and belief, Schostak provides the day-to-day management services to Royalwood through its employee Richard Cail.

7. Defendant Cail ("Cail") is an employee of Schostak. Upon information and belief, Cail is the Royalwood property manager and carries out the day-to-day operations on behalf of Schostak and Royalwood.

## Factual Background

8. Plaintiff, Joyce Grad moved into her apartment at Royalwood Cooperative Apartments on or around July 2000. This apartment constitutes a "dwelling" within the meaning of the FHAA, 42 U.S.C. § 3602(b).

9. On November 10, 2000 Ms. Grad requested, in a letter to Cail (attached and marked as Exhibit 1), that Royalwood waive its "no pet" policy so that she could have a dog as a reasonable accommodation. Ms. Grad attached supporting documentation from her psychiatrist and psychologist regarding her disability and the need for this accommodation. Specifically, Ms. Grad, advised that she suffers from a severe and debilitating depression and sought a dog to provide assistance for her disability.

10. On November 22, 2000, Cail denied Ms. Grad's request for accommodation. (Attached and marked as Exhibit 2).

11. As a result of this denial, in need of an assistance animal and faced with eviction if she acquired an assistance animal while at Royalwood, Ms. Grad vacated her apartment on or around January 22, 2001.

12. Before Ms. Grad requested her accommodation, another member, in August 1999, requested

3

a similar accommodation for her terminally ill mother who resided with her at Royalwood, and again supplied medical documentation. Royalwood, through Cail, denied this request which forced this elderly disabled woman to move from her daughter's home for the last 10 months of her life.

13. Again, around the same time Ms. Grad requested her accommodation, another cooperative member requested an assistance animal for her disability and supplied supporting medical documentation. Royalwood, through Cail, denied this request by filing an action to evict this member from her home of 21 years.

## Administrative Proceedings Below

14. Pursuant to 42 U.S.C. § 3610, Ms. Grad filed a housing discrimination complaint with the United States Department of Housing and Urban Development ("HUD") on or around November 8, 2001.

15. Pursuant to 42 U.S.C. § 3610(a) and (b), the Secretary of HUD conducted an investigation, and after a lengthy conciliation attempt failed, determined that reasonable cause exists to believe that Royalwood discriminated against Ms. Grad on the basis of her disability, 42 U.S.C. § 3610 (g)(1). The Secretary of HUD further determined that Ms. Grad "established that an emotional support animal . . . was necessary for her to use and enjoy her residence at Royalwood Cooperative Apartments."

16. On or around June 26, 2003, pursuant to 42 U.S.C. § 3610(g)(2)(A), the Secretary of HUD charged the defendants with discriminatory housing practices in violation of FHAA.

17. On July 9, 2003, pursuant to 42 U.S.C. § 3612(a), the defendants elected to remove this

4

charge to the United States District Court and have this matter resolved via a civil action.

## Violation of Law

18. Royalwood, Cail and Schostak's actions of denying Ms. Grad's reasonable request violates 42 U.S.C. § 3604(f), which requires reasonable accommodations in rules, policies, practices or services when such accommodations may be necessary to afford the handicapped person with an equal opportunity to use and enjoy a dwelling and by making a dwelling unavailable because of Ms. Grad's disability.

19. Ms. Grad has suffered compensatory damages and is an aggrieved person within the meaning of 42 USC § 3602(I).

20. Royalwood, Cail and Schostak's persistent refusal to make a reasonable accommodation for Joyce Grad demonstrates reckless and callous disregard for the federally protected rights of the residents with disabilities at Royalwood, past and present, including Ms. Grad.

21. By reason of Royalwood, Cail and Schostak's continuous violation of the Fair Housing Act, Joyce Grad has suffered compensatory damages, including consequential and incidental damages, including but not limited to pain, suffering and humiliation resulting from this discrimination.

## Prayer For Relief

**WHEREFORE**, Joyce Grad prays that the Court enter an Order that:

1. Declares that the discriminatory actions of Royalwood, Cail and Schostak, as set forth above, violate the Fair Housing Act, as amended, 42 U.S.C. § 3601 *et seq.*;

2. Enjoins Royalwood, Cail and Schostak, its agent, employees and successors, and all other persons in active concert or participation with any of them, from continuing to discriminate on account of a persons disability in violation of 42 U.S.C. § 3601 *et seq.*;

3. Award compensatory damages to Joyce Grad pursuant to 42 U.S.C. § 3613(c)(1);

4. Award punitive damages to Joyce Grad pursuant to 42 U.S.C. § 3613(c)(1);

5. Award attorney fees and cost in this action pursuant to 42 USC §3612(p);

6. Award such other relief as the Court may deem appropriate.

Dated: November 13, 2003

                        Respectfully submitted,

                        Michigan Protection & Advocacy Service, Inc.
                        4095 Legacy Parkway, Ste 500
                        Lansing, MI 48911

                        By: Gabrielle S. Frampton (P59499)
                        Counsel for Plaintiff/Intervenor Joyce Grad

                        By: Mark Cody (P42695)
                        Counsel for Plaintiff/Intervenor Joyce Grad

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED