THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

and

JOYCE GRAD,

    Intervening Plaintiff,

v.

ROYALWOOD COOPERATIVE APARTMENTS, INC., SCHOSTAK BROTHERS & COMPANY, INC., and RICHARD A. CAIL,
    Defendants.

Case No. 03-CV-73034-DT

HON. ANNA DIGGS TAYLOR

MAGISTRATE JUDGE WILLIAM CAPEL

---

Judith E. Levy (P55882)
Assistant U.S. Attorney
Eastern District of Michigan
211 W. Fort St. #2001
Detroit, MI 48226
Phone: (313) 226-9727
Fax: (313) 226-4609
Attorney for Plaintiff

Patrick K. Rode (P35591)
Meyer, Kirk, Synder & Lynch, PLLC
100 W. Long Lake Rd. #100
Bloomfield Hills, MI 48304
Phone: (248) 647-5111
Fax: (248) 647-6079
Attorney for Defendants

Gabrielle S. Frampton (P59499)
Amy E. Maes (P45787)
Michigan Protection & Advocacy Service, Inc.
4095 Legacy Parkway, Suite 500
Lansing, MI 48911
Phone: (517) 487-1755
Fax: (517) 487-0827
Attorneys for Plaintiff/Intervenor

---

## JOYCE GRAD'S MOTION TO COMPEL ANSWER TO INTERROGATORY SEEKING FINANCIAL INFORMATION

Now comes Intervening Plaintiff, Joyce Grad, who motions this Court to compel the Defendants to answer her interrogatory seeking financial information. In support of this Motion, Joyce Grad states:

1. On November 13, 2003, Joyce Grad made her complaint against the Defendants, Royalwood, Schostak and Cail, alleging discrimination on the basis of a handicap.

2. In her prayer for relief, Joyce Grad, at ¶ 4, sought the award of punitive damages.

3. On or around January 5, 2004, the Defendants filed its answer to Joyce Grad's complaint.

4. On April 28, 2004, Joyce Grad served her First set of Interrogatories on Defendants.

5. In interrogatory #6, Joyce Grad asked, "State your/its net worth for each fiscal year beginning 1998 to present.

6. In interrogatory #7, Joyce Grad asked, "For each Defendant, identify supporting documentation of any bank accounts, savings accounts, stocks, bonds or other securities and the holder thereof.

7. The Defendants responded to Joyce Grad's First Set of interrogatories on June 1, 2004.

8. The Defendants did not respond to Joyce Grad's question #6.

9. The Defendants, in response to interrogatory #7, stated, "Defendants object to producing the requested documents on the grounds that it is unduly burdensome and is interposed solely to harass. In addition, it seeks information that is not relevant and is not likely to lead to admissible relevant information."

10. The Defendants failed to provide any of the requested information.

11. On October 4, 2004, the Court denied the Defendants Motion for Summary Judgement.

12. Joyce Grad now seeks an Order to Compel the Defendants to answer her interrogatories # 6 and # 7.

13. Where Joyce Grad seeks punitive damages, as more fully discussed in her Memorandum in support of this Motion, information concerning the Defendants net worth is both relevant and necessary.

14. Counsel for Joyce Grad was unable to obtain concurrence from defense counsel in this matter on January 26, 2005.

**Wherefore**, Joyce Grad respectfully requests that her Motion to Compel answers to interrogatories seeking net-worth information from Defendants should be granted.

Respectfully submitted,

Michigan Protection & Advocacy Service, Inc.

Gabrielle S. Frampton (P59499)
Attorney for Joyce Grad

Date:   January 31, 2005

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

and                                   Case No. 03-CV-73034-DT

JOYCE GRAD,

        Intervening Plaintiff,         HON. ANNA DIGGS TAYLOR

v.                                       MAGISTRATE JUDGE WILLIAM CAPEL

ROYALWOOD COOPERATIVE APARTMENTS,
INC., SCHOSTAK BROTHERS & COMPANY,
INC., and RICHARD A. CAIL,
        Defendants.

---

Judith E. Levy (P55882)
Assistant U.S. Attorney
Eastern District of Michigan
211 W. Fort St. #2001
Detroit, MI 48226
Phone: (313) 226-9727
Fax: (313) 226-4609
Attorney for Plaintiff

Patrick K. Rode (P35591)
Meyer, Kirk, Synder & Lynch, PLLC
100 W. Long Lake Rd. #100
Bloomfield Hills, MI 48304
Phone: (248) 647-5111
Fax: (248) 647-6079
Attorney for Defendants

Gabrielle S. Frampton (P59499)
Amy E. Maes (P45787)
Michigan Protection & Advocacy Service, Inc.
4095 Legacy Parkway, Suite 500
Lansing, MI 48911
Phone: (517) 487-1755
Fax: (517) 487-0827
Attorneys for Plaintiff/Intervenor

FILED '05 FEB -1 P1:36

---

**JOYCE GRAD'S MEMORANDUM IN SUPPORT OF MOTION FOR
ORDER TO COMPEL ANSWER TO INTERROGATORY
SEEKING FINANCIAL INFORMATION**

Intervening Plaintiff, Joyce Grad, submits this Memorandum in support of her Motion under Fed. R. Civ. P. 37(a) for an order compelling Defendants Royalwood Cooperative Apartments (Royalwood), Schostak Brothers (Schostak) and Richard Cail (Cail) to answer an interrogatory seeking financial information relevant to Joyce Grad's claim for punitive damages.

## INTRODUCTION

This is an action challenging the Defendants failure to reasonably accommodate a person with a handicap under the Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601 et seq. Joyce Grad has asserted a claim for punitive damages, as well as other relief. see complaint, Prayer for Relief at ¶ (4). The Defendants have failed and refused to answer an interrogatory propounded by Joyce Grad that clearly is relevant to her claim for punitive damages:

**Joyce Grad's Interrogatory question # 6:** For each Defendant, state your/its net worth for each fiscal year, beginning 1998 to present.

**Response:** Defendants did not respond to Intervening plaintiffs' Interrogatory question # 6.

**Joyce Grad's Interrogatory question # 7:** For each Defendant provide supporting documentation of any bank accounts, savings accounts, stocks, bonds or other securities and the holders thereof.

**Response:** Defendant's renumbered Joyce Grad's interrogatory # 7 as #4, and stated: Defendants object to producing the requested documents on the grounds that it is unduly burdensome and is interposed solely to harass. In addition, it seeks information that is not relevant and is not likely to lead to admissible relevant information. (Response of Defendants to Intervening Plaintiffs' First Set of Interrogatories at p. 3 ( June 1, 2004).

Joyce Grad shows below that the Defendants objection is unfounded and that the Court should compel Defendants to answer Joyce Grad's interrogatory fully and completely.

2

## ARGUMENT

Joyce Grad has asserted claims under section 813(o) of the Fair Housing Act, as amended, 42 U.S.C. § 3613(a). Punitive damages are explicitly authorized by Section 813(c)(1) of the Act, which provides that:

> In a civil action under subsection (a) of this section, if the court finds that a discriminatory housing practice has occurred . . ., the court may award to the plaintiff actual and *punitive damages* . . .42 U.S.C. § 3613(c)(1) (emphasis added)

It is well established that "[w]here punitive damages are sought, defendants' current financial condition is discoverable." 4 J. Moore, J. Lucas & G. Grotheer, *Moore's federal Practice ¶ 26.56[5] at 26 - 154 (2d ed. 1991)* This principle applies with full force in fair housing cases. *See R. Schwemm, Housing Discrimination Law* at 401 & n. 112 (1983) ( "If punitive damages are sought, the defendants' net worth becomes relevant and therefore open to discovery")

> A jury may award punitive damages when it determines, by a preponderance of the evidence, that "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves **reckless or callous indifference to the federally protected rights of others.**" Badami v. Flood, 214 F.3d 994, 997 (8th Cir.2000). It is well-established that under federal law, evidence of the defendants' financial worth is relevant to a claim for punitive damages. Such evidence is traditionally admissible for the purpose of evaluating the amount of punitive damages that should be awarded. United States v. Big D Enterprises, Inc., 184 F.3d 924, 932 (8th Cir.1999). North Dakota Fair Housing Council, Inc. v. Allen, 298 F. Supp 897, (DND, 2004) (emphasis added)

In this action, Joyce Grad waited until after the favorable decision on summary judgment before moving to compel Defendants to provide its net worth information. Now, where the jury will ascertain punitive damages as to all named Defendants, this information is necessary and relevant.

3

## CONCLUSION

For all of the stated reasons, Joyce Grad's Motion for an Order Compelling an Answer to their interrogatory seeking net-worth information from Defendants should be granted.

Respectfully submitted,

Michigan Protection & Advocacy Service, Inc.

Gabrielle S. Frampton (P59499)
Attorney for Joyce Grad

Date:   January 31, 2005

4

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

and

                Case No. 03-CV-73034-DT

JOYCE GRAD,

    Intervening Plaintiff,    HON. ANNA DIGGS TAYLOR

v.                MAGISTRATE JUDGE WILLIAM
                  CAPEL

ROYALWOOD COOPERATIVE APARTMENTS,
INC., SCHOSTAK BROTHERS & COMPANY,
INC., and RICHARD A. CAIL,
    Defendants.

---

| | |
|---|---|
| Judith E. Levy (P55882) | Patrick K. Rode (P35591) |
| Assistant U.S. Attorney | Meyer, Kirk, Synder & Lynch, PLLC |
| Eastern District of Michigan | 100 W. Long Lake Rd. #100 |
| 211 W. Fort St. #2001 | Bloomfield Hills, MI 48304 |
| Detroit, MI 48226 | Phone: (248) 647-5111 |
| Phone: (313) 226-9727 | Fax: (248) 647-6079 |
| Fax: (313) 226-4609 | Attorney for Defendants |
| Attorney for Plaintiff | |

Gabrielle S. Frampton (P59499)
Amy E. Maes (P45787)
Michigan Protection & Advocacy Service, Inc.
4095 Legacy Parkway, Suite 500
Lansing, MI 48911
Phone: (517) 487-1755
Fax: (517) 487-0827
Attorneys for Plaintiff/Intervenor

---

**PROOF OF SERVICE**

Sara A. Koroniotis, being first duly sworn deposes and states that on the 31st day of January 2005, she served a copy of Joyce Grad's Motion to Compel Answer to Interrogatory Seeking Financial Information and Joyce Grad's Memorandum in Support of Motion for Order to Compel Answer to Interrogatory Seeking Financial Information, upon Patrick K. Rode, located at 100 W. Long Lake Rd., Suite 100, in the City of Bloomfield Hills, State of Michigan, and Judith E. Levy, located at 211 W. Fort St., Suite 2001, in the City of Detroit, State of Michigan, via U.S. Mail.

Sara A. Koroniotis

Subscribed and sworn before me
this 31st day of January, 2005.

Amy Richter, Notary Public
State of Michigan
Eaton County, Acting in Ingham County
My Commission expires 12/26/05

2